| iLEMMON, Justice,
concurring.
La.Rev.Stat. 56:327A flatly prohibits the sale of, or the possession with intent to sell, freshwater game fish. La.Rev.Stat. 56:327.1 provides an affirmative defense to a violation of Section 327A by authorizing aquaculturally-raised fish to be imported into this state for the purposes of sale.
Thus, the prosecutor only had the burden of proving the essential elements of the crime — namely, defendant’s possession of freshwater game fish with intent to sell. There was no burden on the prosecutor to prove the origin or the age of the fish. Rather, defendant, in order to avoid criminal responsibility for offering the freshwater game fish in his possession for sale, had the burden of proving his affirmative defense by a preponderance of the evidence. To do so, defendant had to establish that the fish in his possession were aquaeulturally-raised fish. Only after defendant met this burden did the prosecutor have the burden of going forward with evidence to rebut defendant’s proof.
I agree with the majority that the prosecutor’s rebuttal evidence was “not strong” enough to preponderate over defendant’s evidence on the crucial point. Therefore, defendant proved his affirmative defense by a preponderance of the evidence, and he is entitled to be discharged.